IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>ALKAT CONSTRUCTION SERVICES INCORPORATED,<br><br>　　　　　　Defendant. | Case No. 08 C 488<br><br>Judge Shadur<br><br>Magistrate Judge Denlow |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Alkat Construction Services, Incorporated, by its attorneys Allocco, Miller & Cahill P.C., answers Plaintiffs' complaint as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is based on Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a); and 28 U.S.C. §1331.

**ANSWER:**　Defendant admits the allegations in Paragraph 1.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. §1391(a) and (b).

**ANSWER:**　Defendant admits the allegations in Paragraph 2.

## THE PARTIES

3. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). The Funds have offices, conduct business and administer the plans within this District. Jorgensen is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

**ANSWER:** Defendant admits the allegations in Paragraph 3.

4. Defendant Alkat Construction Services Incorporated (hereinafter "Alkat Construction"), is a corporation in good standing according to the Illinois Secretary of State. Alkat Construction does business within this District and is an Employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of LMRA, 29 U.S.C. §185(a). Plaintiffs allege that Alkat Construction is operating as a successor of KDK Concrete Construction, Inc.

**ANSWER:** Defendant admits that Alkat Construction Services, Inc. is a corporation in good standing according to the Illinois Secretary of State and that Alkat Construction does business within this District and is an Employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of LMRA, 29 U.S.C. §185(a). Defendant denies that Alkat Construction is operating as a successor of KDK Concrete Construction, Inc.

5. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and KDK Concrete Contractors, Inc., ("KDK Concrete") are parties to a collective bargaining agreement ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the KDK Concrete which Agreement adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds KDK Concrete to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit B.)

**ANSWER:** Defendant admits the Union is a labor organization within the meaning of 29 U.S.C. §185(a). Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that the Union and KDK Contractors, Inc. ("KDK Concrete") are parties to a collective bargaining agreement.

6. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the Safety Fund"), the Laborers' Employers' Cooperation & Education Trust ("LECET"), the Contractors' Association of Will and Grundy Counties (the "Will County Fund"), the Concrete Contractors' Association of Greater Chicago ("CCA"), and the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), to act as an agent in the collection of contributions due to those funds.

**ANSWER:** Defendant admits the allegations in Paragraph 6.

7. The Agreement obligates KDK Concrete to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the KDK Concrete, inter alia,

identifies the employees covered under the Agreement and the amount of contributions to the Funds remitted on behalf of each covered employee.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. The Agreement further obligates KDK Concrete to procure, carry and maintain a surety bond to guarantee payment of wages, Pension and Welfare contributions for the duration of the Agreement.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

## COUNT I

9. KDK Concrete's operations involved performing concrete construction work. KDK Concrete operated under the direction of its President, Kirk D. Knippenberg. On October 29, 2007, KDK Concrete filed a petition under Chapter 7 of the United States Bankruptcy Code, Case No.07 - 20051. KDK Concrete's operations ceased on or about September 13, 2007.

**ANSWER:** Defendant admits that Kirk D. Knippenberg was president of KDK Concrete and that KDK Concrete filed a petition under Chapter 7 of the United States Bankruptcy Code, Case No. 07-20051. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that KDK Concrete's work involved performing concrete construction work and that the company ceased operations on or about September 15, 2007.

10. On July 26, 2007, judgment was entered on behalf of the plaintiffs and against defendant in *Laborers' Pension Fund, et al., v. KDK Concrete Contractors, Inc*., 07 C 1204 (N.D. Ill.). The total judgment was $49,456.81 consisting of employee benefit contributions for the period from June 1, 2004 through April 30, 2007, plus liquidated damages, interest, audit fees, attorneys'

fees and costs. A copy of the judgment order is attached hereto as Exhibit A. The balance of $35,458.83 remains due to the Funds. On information and belief, Alkat Construction began its operations performing concrete construction work shortly before KDK Concrete ceased operations. Former owner and President of KDK Concrete, Kirk D. Knippenberg, is working for Alkat Construction and Alkat Construction is owned by Kirk D. Knippenberg's wife, Wanda Knippenberg, who is also Alkat Construction's president. A number of KDK Concrete's employees were hired by Alkat Construction to perform the identical work that they performed for KDK Concrete.

  **ANSWER:** Defendant admits a judgment was entered on behalf of Plaintiffs and against Defendant in *Laborers' Pension Fund, et al. v. KDK Concrete Contractors, Inc.*, 07 C 1204 (N.D. Ill.). Defendant further admits that the total amount of the judgment was $49,456.81 consisting of employee benefit contributions for the period of June 1, 2004 through April 30, 2007, plus liquidated damages, interest, audit fees and attorney's fees and costs. Defendant denies that it began its operations performing concrete construction work shortly before KDK Construction ceased operations and denies that a number of KDK employees were hired by Alkat Construction to perform the identical work that they performed for KDK Concrete. Defendant admits that Wanda Knippenberg is Kirk D. Knippenberg's wife and that Mrs. Knippenberg is the owner and president of Alkat Construction, Inc. Defendant denies that Kirk D. Knippenberg works for Alkat Construction, Inc.

  11. On information and belief, Alkat Construction worked on projects which were previously left unfinished by KDK Concrete with equipment formerly used by KDK Concrete. Prior to filing a petition under Chapter 7 of the Bankruptcy Code, KDK Concrete made numerous payments to Alkat Construction consistent with both entities' cooperative business ventures.

**ANSWER:**   Defendant denies the allegations in Paragraph 11.

12.   Based on KDK Concrete's President, Kirk D. Knippenberg's association with Alkat Construction, defendant Alkat Construction had knowledge of the amount of contributions owed to the plaintiffs' Fund, which were established in the Agreed Judgment Order, attached hereto as Exhibit A.

**ANSWER:**   Defendant denies the allegations in Paragraph 12.

13.   Based on, inter alia, common employees, similar work, some of the same tools and equipment and similar or identical customers, Alkat Construction is a successor of KDK Concrete and liable for the unpaid obligations owed to the Funds.

**ANSWER:**   Defendant denies the allegations in Paragraph 13.

WHEREFORE, Defendant, Alkat Construction, Incorporated respectfully request that this Honorable Court enter a judgment in its favor and against Plaintiffs.

WHEREFORE, Defendant, Alkat Construction, Incorporated respectfully requests that this Honorable Court deny the relief sought by Plaintiffs in Count I and dismiss Count I with prejudice.

## COUNT II

14.   Plaintiffs reallege and incorporate by reference paragraphs one through thirteen as Paragraph 14 of Count II.

**ANSWER:**   Defendant restates its answers to Paragraphs 1-13 of Count I as its answer to Paragraph 14 of Count II.

15.   Notwithstanding the obligations imposed by the Agreement, KDK Construction has:

(a)   failed to report contributions owed to plaintiff Laborers' Pension Fund from September 2007 to the present, and failed to pay contributions to said Fund in September 2007 to the present, thereby depriving the Laborers' Pension Fund of contributions, income and information

needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries; and

(b) failed to report all contributions owed to Plaintiff Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity from September 2007 to the present, and the pay contributions due to said Fund and from September 2007 to the present, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries; and

(c) failed to report and pay all contributions owed to Laborers' Training Fund from in from September 2007 to the present, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefitsof the participants and beneficiaries.

(d) failed to maintain a surety bond to guarantee the payment of wages, Pension and Welfare contributions.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Despite demands duly made, Alkat Construction has not paid the required contributions or other sums due.

**ANSWER:** Defendant denies the allegations in Paragraph 16.

17. All conditions precedent to requiring contributions and reports to the Funds have been met.

**ANSWER:** Defendant denies the allegations in Paragraph 17.

18. Alkat Construction's actions in failing to make timely reports and contributions violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

**ANSWER:** Defendant denies the allegations in Paragraph 18.

19. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and the terms of the Funds' Trust Agreements, Alkat Construction is liable to the Funds for unpaid contributions and related amounts, as well as interest and liquidated damages on the unpaid contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER:** Defendant denies the allegations in Paragraph 19.

WHEREFORE, Defendant, Alkat Construction, Incorporated respectfully requests that this Honorable Court deny the relief sought by Plaintiffs in Count II and dismiss Count II with prejudice.

## COUNT III

### (Failure To Pay Union Dues)

20. Plaintiff realleges paragraphs 1 through 15 of Count II as paragraph 20 of Count III.

**ANSWER:** Defendant restates its answers to Paragraph 1-15 of Count II as its answer to Paragraph 20.

21. Pursuant to the Agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been deducted from the wages of covered employees.

**ANSWER:** Defendant admits the allegations in Paragraph 21.

22. Notwithstanding the obligations imposed by the Agreement, Alkat Construction has failed to withhold and/or to report to and forward the union dues deducted or the Union dues that

should have been deducted from the wages of employees for the period from September 2007 to the present, thereby depriving the Union of income.

**ANSWER:**   Defendant denies the allegations in Paragraph 22.

23.   Pursuant to the Agreement, the Alkat Construction is liable to the Fund for the unpaid union dues, as well as reasonable attorneys' fees, as the Union's collection agent, and costs, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER:**   Defendant denies the allegations in Paragraph 23.

24.   Alkat Construction's actions have violated and are violating Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

**ANSWER:**   Defendant denies the allegations in Paragraph 24.

WHEREFORE, Defendant, Alkat Construction, Incorporated respectfully requests that this Honorable Court deny the relief sought by Plaintiffs in Count III and dismiss Count I with prejudice.

By: _____/s/ Todd A. Miller_____
           Attorney for Defendant

Todd A. Miller
Kathleen M. Cahill
Allocco, Miller & Cahill
3409 N. Paulina Street
Chicago, Illinois 60657
(773) 868-4841