IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, <br><br> Plaintiffs, <br><br> v. <br><br> ALKAT CONSTRUCTION SERVICES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 08 C 488 <br><br> Judge Shadur |

**PLAINTIFFS' MOTION FOR DEFAULT AND DAMAGES**

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds"), and James S. Jorgensen, pursuant to Rule 55 of the Federal Rules of Civil Procedure, by their attorneys, state:

1.    On January 22, 2008, plaintiffs filed a complaint under Section 301(a), of the Labor Management Relations Act, 29 U.S.C. § 185(a), as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(3), as amended, alleging

    a.    that Alkat Construction Services, Inc. ("Alkat") is liable, as a successor employer of KDK Concrete Contractors, Inc. ("KDK"), for the unpaid balance of a judgment entered against KDK in the amount of $49,456.81 on July 26, 2007 in the case of <u>Laborers' Pension Fund, et al. v. KDK Concrete Contractors, Inc.</u>, 07 C 1204 (N.D.Ill.); and

    b.    that at all material times Alkat, as a successor employer of KDK, has an obligation arising from a collective bargaining agreement to pay contributions as determined by

the Funds' auditors for the period September 1, 2007 through the present.

2.  On April 17, 2008, this Court granted the motions of counsel for Alkat to withdraw [Docket No. 19]. Alkat has not found substitute counsel. Therefore, Alkat is subject to default judgment. Fed.R.Civ.Proc. 55; <u>Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.</u>, 310 F.3d 537, 541 (7th Cir. 2002) (unrepresented corporate defendants subject to default judgment).

3.  As established by the Funds' Field Representative, John Bronson, the Funds' auditors from Levinson, Simon & Sprung, P.C., reviewed Alkat's records reflecting contributions due to the Funds for the period from October 1, 2007, through March 31, 2008. The audit report reflects principal contributions owed to the Welfare, Pension, Training, LMDCMCC, MCIAF, CAICA, LECET, and CISCO Funds and for Union dues in the amount of $56,192.16. (See, John Bronson Affidavit, Ex. A ¶ 3; the audit report, Ex. B.)

4.  The collective bargaining agreement and the respective Trust Agreements to which Alkat is bound, as a successor employer of KDK, require payment of liquidated damages in the amount of 10 percent of the principal amount of delinquent contributions to Union dues, LDCLMCC and LECET, and liquidated damages in the amount of 20 percent of the principal amount of delinquent contributions to Welfare, Pension, Training, MCIAF and CISCO. Interest is owed at the rate of prime plus two percent as charged by Chase Bank on all delinquent amounts owed from the date of the delinquency forward. Employers are also required to pay the costs of audits such as the audit in this case. Therefore, liquidated damages are owed in the amount of $10,823.95. Interest has been determined for unpaid Funds' contributions in the amount $1,757.10 through June 30, 2008. The costs of this audit billed to the Funds were $827.50. (John Bronson affidavit, Ex. A, ¶¶3-

5).

5. All contributing employers are responsible to pay contributions to the Funds by the 10th day of the month after the month in which the work was performed. According to Mr. Bronson's affidavit, Alkat has not reported hours worked by covered employees for the period of September 1, 2007 through the present, or paid any contributions that may be owing based on those reports. (Ex. A ¶6.)

6. Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). An affidavit of Karen I. Engelhardt establishes the amount of attorneys' fees incurred in this matter are $2,567.50, and costs consisting of $400.00 in filing fees and the balance in service fees. (See, Exhibit C.)

**WHEREFORE,** Plaintiffs request entry of a judgment against Alkat Construction Services, Inc. in a total amount of $122,025.02; an order requiring Alkat Construction Services, Inc. to submit reports and contributions by the tenth day of the month after the month in which the work has been performed for the period of September 1, 2007 through the present; and what further relief the Court may find appropriate.

Respectfully submitted,

/s/ Josiah A. Groff
One of plaintiffs' attorneys

ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, Illinois 60606
(312) 364-9400

July 1, 2008